## Weaver v. Eidemiller Enterprises, Inc.

*Brennan, Robins & Daley*, for plaintiff.

*Costello & Berk*, for Eidemiller Enterprises, Inc.

*Thomas R. Ceraso*, for John P. Crouse, Jr.

OPINION BY HUDOCK, J., FOR COURT EN BANC:

This case comes before the court en banc upon preliminary objections filed by the defendants Eidemiller Enterprises, Inc., and John P. Crouse, Jr., a notary public, to a complaint in equity which was filed by Shirley L. Weaver, which seeks to set aside the conveyance of real estate on the alleged reason that the signature of Shirley L. Weaver which appeared on the deed was not in fact her own signature, and that her name had been forged onto the instrument.

The facts are as follows. By deed dated and notarized as of July 26, 1976, and recorded July 28, 1976 in the office of the Recorder of Deeds of Westmoreland County, in Deed Book 2221, page 241, certain real estate was purportedly conveyed by Joseph F. Weaver and Shirley L. Weaver, his wife, to the defendant, Eidemiller Enterprises. The plaintiff, Shirley L. Weaver, avers that she and her husband have been separated since 1973 and that the signature on the deed is not hers. It appears that the parties are still married. The complaint seeks to set aside the conveyance and have the real estate re-conveyed to the plaintiff, to enjoin Eidemiller Enterprises from conveying the real estate to any third party, and to pay over to the plaintiff any rents or profits received from the property since July 26, 1976.

The defendant, Eidemiller, raises preliminary objections in the nature of a demurrer, arguing that the plaintiff has failed to state a cause of action. The gist of defendant's position is that the land has been owned by Joseph F. Weaver individually, and not jointly. The defendant cites the prior conveyance of record into the name of Joseph F. Weaver, not into the joint names of Joseph F. Weaver and Shirley L. Weaver. The defendant's argument is that the inchoate right of the wife, either statutory or at common law had been modified by statute, namely the Act of April 18, 1978, P.L.

(23) 20 Pa. C.S. §2105, which provides that the widow's interest is confined to real estate to which her spouse had title at the time of his death, which interest is in lieu of any dower interest at common law. Therefore, the defendant reasons, there was no need for the joinder by the spouse in order for the conveyance to be effective.

The defendant John P. Crouse, Jr., the notary public raises laches, the statute of limitations, lack of reliance by the purchaser on the notarization, and lack of interest by the plaintiff in the real estate as preliminary objections.

As to all of the Crouse preliminary objections, questions of fact are raised, which preclude dismissal of plaintiff's complaint. The complaint itself states, as against the notary, a cause of action for negligently failing to determine the validity of the grantor's signature, and for affixing an acknowledgment that the grantors "personally appeared" before the notary and "acknowledged" that they executed the deed. On the basis of the pleadings, it cannot be said that no cause of action is stated, for the allegations, if proven, would establish a right to damages: *Comm. to Use of Willow Highlands Co. v. U.S.F. & G. Co.*, 364 Pa. 543.

The question on preliminary objections of Eidemiller is whether a conveyance by Joseph F. Weaver without the joinder of his wife on June 26, 1976 would have been effective in all respects. If so, the within complaint raises a moot point; if not, then the determination either at law or in fact must be made as to what injury, if any, the plaintiff has suffered.

A conveyance without the joinder of a spouse on July 26, 1976 was at that time not sufficient to divest the nonjoining spouse of her common law dower interest. The dower interest of a wife (and curtesy interest of a husband) were not derogated until 1978, with the enactment of amendments to intestate succession rules. Conveyances for value were then excluded from election by a surviving spouse: Probate, Estates and Fiduciaries Code, 1978 P.L. 42, No. 23, 20 Pa. C.S.A. 2105. Because a conveyance for an adequate consideration was excluded in 1978 does not foreclose as moot an action for damages or other proper remedies which arises out of a 1976 fraudulent conveyance.

The law applicable to the 1976 conveyance is the law as

it existed at that time. The Statutory Construction Act, 1 Pa. C.S.A., §1926, provides that statutes are not to be construed as retroactive unless clearly and manifestly so intended by the General Assembly. No such intent appears from the Code: 20 Pa. C.S.A. §§2105, 2205.

The argument that a 1978 deed would be valid and that, therefore, questions as to the 1978 deed are moot, has appeal. However, it is a 1976 deed that is the subject of this controversy and the case is to be decided in accordance with the 1976 law. Accordingly, the preliminary objections are to be dismissed.